**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.   4:21-CR-00191** |
| | § | |
| **CLOUDGEN, L.L.C.,** | § | |
| **Defendant.** | § | |

**PLEA AGREEMENT**

The United States of America, by and through Jennifer B. Lowery, Acting United States Attorney for the Southern District of Texas, and Richard W. Bennett, Assistant United States Attorney, and the defendant, Cloudgen, LLC., ("Defendant"), a limited liability company, registered and formed under the laws of Texas, and Defendant's counsel, pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

**Defendant's Agreement**

1.   Defendant agrees to plead guilty to Count One of the Information.   Count One charges Defendant with Conspiracy to Commit Fraud and Misuse of Visas in violation of Title 18, United States Code, Section 1546, all in violation of Title 18, United States Code, Section 371. Defendant, by entering this plea, agrees that it is waiving any right to have the facts that the law makes essential to the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt.   In addition, pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Southern District of Texas. The information will charge the Defendant with Conspiracy to Commit Fraud and Misuse of Visas in violation of Title 18 U.S.C. §1546, all in violation of Title 18 U.S.C. §371.

**Punishment Range**

2.   The **statutory** maximum penalty for each violation of Title 18, United States Code, Section 371, for an organizational defendant, is a term of probation of not less than one year nor more than five years and a fine of not more than $500,000.00 or not more than the greater of twice the gross gain or twice the gross loss, whichever is greatest.  *See* Title 18, United States Code, sections 3551(c), 3561(c)(1), 3571(c)(3), (d); and United States Sentencing Guidelines (U.S.S.G.). §8D1.2(a)(1).

**Mandatory Special Assessment**

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(B), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of one hundred dollars ($400.00) per count of conviction.   The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

**Waiver of Appeal and Collateral Review**

4.   Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final.   Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, section 2255. In the event

2

Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks its conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

5.   In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court.   Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that it may have received from its counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce its guilty plea, and is not binding on the United States, the Probation Office or the Court.   The United States does not make any promise or representation concerning what sentence the defendant will receive.   Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court.   *See United States v. Booker*, 543 U.S. 220 (2005).   Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

6.   Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this plea agreement.

### The United States' Agreements

7.   Pursuant to Rule **11(c)(1)(B)** of the Federal Rules of Criminal Procedure, the United States agrees and/or recommends, whichever applicable, as follows:

(a)      If the Court determines that Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of its intent to plead guilty, thereby permitting the United

3

States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

(b)      Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States recommends, as the appropriate disposition of this case, that the Court impose a term of probation of 3 years so that the Defendant has sufficient time to satisfy its obligations under this Plea Agreement.

(c)      With respect to the fine, the United States recommends, and the Defendant agrees, that U.S.S.G. Chapter 8, Part C, Subpart 2 applies because the Defendant does not qualify for treatment as a company with a primary criminal purpose under § 8C1.1.

(d)      The United States agrees that the provision of U.S.S.G. §8C2.10 applies as the count of conviction (U.S.S.G. 2L2.1 via 2X1.1) is not one listed in U.S.S.G. §8C2.2. As such, the parties agree that a fine of $25,000.00 represents a fine amount that takes into consideration the provisions of 18 U.S.C. §3553 and 3572, as well as the policy statements under U.S.S.G. §8C2.8 and other remedial measures taken by Defendant, including the proceeds to be forfeited. Accordingly, the United States recommends imposition of a $25,000 fine. However, if the Defendant fails to pay this fine before the 15th day after entry of judgment, it shall immediately be responsible for the greatest of the full $500,000.00 fine or the greater of twice the gross gain or gross loss under 18 U.S.C. §3571(c) and (d).

(e)      The United States and the Defendant agree that the disgorgement mechanisms of §8C2.9 are unnecessary in light of the substantial forfeiture, fine and debarment measures required of Defendant.

(f)      The United States recommends and the Defendant agrees to forfeit, as unlawful proceeds, $493,516.28 , as set forth in the Notice of Forfeiture contained in the Information. The Defendant agrees to pay $245,000.00 at the time of sentencing and the balance to be paid upon a schedule set forth by the Court over the duration of the Defendant's probationary term.   The parties recommend the following proposed schedule, with no penalty or prohibition against early payment:

- $41,419.38 due within 6 months after sentencing
- $41,419.38 due within 12 months after sentencing
- $41,419.38 due within 18 months after sentencing
- $41,419.38 due within 24 months after sentencing
- $41,419.38 due within 30 months after sentencing
- $41,419.38 due within 36 months after sentencing

(g)      United States is not seeking restitution and no other victim has been identified.

4

(h)     The Defendant and its agents, including Pallempati, President and Sudeep Chandak, Vice-President, agree to consent to a three-year debarment from the H-1B program under the provisions of 2 C.F.R. §180, *et seq*. and implemented by the Department of Labor.

(i) These agreements and recommendations do not bind the Court.  The United States and the Defendant reserve the right to object to, remain neutral on, or agree with any and all guideline computations that are different.

### Agreement Binding - Southern District of Texas Only

8.  The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for offenses arising from conduct charged in the information.  This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant.  It does not bind any other United States Attorney's Office.  The United States Attorney's Office for the Southern District of Texas will bring this plea agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States'' Non-Waiver of Appeal

9.  The United States reserves the right to carry out its responsibilities under guidelines sentencing.   Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

5

(e)     to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

10.   Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, section 3553(a).   Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense(s) to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines.   Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge.   If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

11.   Defendant understands that by entering into this agreement, it surrenders certain rights as provided in this plea agreement.   Defendant understands that the rights of a defendant include the following:

(a)     to be charged by Indictment;

(b)     If Defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel.   The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree;

6

(c)     At a trial, the United States would be required to present witnesses and other evidence against Defendant.   Defendant would have the opportunity to confront those witnesses and its attorney would be allowed to cross-examine them.   In turn, Defendant could, but would not be required to, present witnesses and other evidence on its own behalf.   If the witnesses for Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court; and

### Factual Basis for Guilty Plea

12.   Defendant is pleading guilty because it is in fact guilty of the charges contained in Count One of the Information.   If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt.   The following summary of facts, among others would be offered to establish Defendant's guilt:

**Cloudgen LLC**, is a consulting and strategic solutions company located at 1001 South Dairy Ashford Road, Suites 100 and 200, in Houston, Texas 77077.   From 2013 through 2016, the company recruited Information Technology (IT) workers from India and procured H-1B visas for them to enter and work in the United States.   Sasidhar Pallempati (Pallempati), is the director and president of **Cloudgen**.   Sudeep Chandak (Chandak), is the vice-president of Operations for **Cloudgen**.   Jomon Chakkalakkal is the corporate representative of **Cloudgen** and has authority to act on behalf of **Cloudgen**.

From in or about March 2013 and continuing thereafter until in or about December 2020, in the Houston Division of the Southern District of Texas and elsewhere, **Cloudgen** conspired with Indian nationals to fraudulently obtain and procure non-immigrant H-1B visas that would permit the recruited Indian nationals to enter and reside in the United States to work.   In so doing, **Cloudgen** would have a ready-supply of labor to provide other companies and collect fees from their labor.

Specifically, from March 2013 to December 2020, **Cloudgen**, through its employees signed, under penalty of perjury, multiple petitions with the Department of Homeland Security (Form I-129s) and the Department of Labor (Labor Condition Application, for Nonimmigrant Workers (ETA Form 9035 and 9035E)), agreeing to sponsor multiple Indian nationals, for H-1B visas for employment in the United States.   Along with the petitions, **Cloudgen** submitted documents, including Statements of Work from employers, that were later determined to have been forged.   The jobs listed in the application did not exist for these beneficiaries.   As a result of these fraudulent petitions, multiple Indian nationals were granted H-1B visas to enter, reside, and work in the United States.   Once they entered, many of them were "benched" in locations, other than what was stated in their visa applications, while **Cloudgen** sought out other employment using the approved H-1B visa.   As a result of being able to supply ready laborers who already had H-1B

7

visas to other companies, instead of following the legitimate immigration process, **Cloudgen** profited financially when it received payments from various companies for the labor of these H-1B visa recipients by deducting a portion of each H-1B visa recipient's checks.   In addition, these foreign laborers were able to secure additional employment when their new employer filed petitions with DHS and DOL, using their original falsely procured H-1B visas, to extend the beneficiary's employment in the United States.   As such, the visa recipients were able to avoid the visa "cap[1]," for subsequent employment in the United States with these companies, while **Cloudgen** continued to profit from their services.

The Indian nationals were recruited by friends or associates of **Cloudgen** in India, and paid their own visa fees, in violation of federal regulations. In addition, the Indian nationals made representations to consular officials that they had employment with jobs they knew they did not have.   One of the Indian nationals, **K.K.**'s petition was denied for fraud when he could not provide employment details during his interview with a consular official.   In addition, the Indian nationals knowingly traveled to reside at locations inside the United States, apart from where they were supposed to have a job, where they were "benched" for a period of time while **Cloudgen,** acting through employees, found them employment with different companies not listed in their visa applications. Some of the Indian nationals knowingly put false addresses on their State Department Consular DS-160 forms because it was near the job they were supposed to have, but they resided elsewhere.   One of the Indian nationals, **S.R.M.K.M.** requested that he be sent to live with a relative in Dallas while he knew that his visa application stated his job was to be in New Jersey. Another Indian national, **V.Y.**, knew that his job in New Jersey did not exist before he travelled to the United States.

Based on records produced by **Cloudgen**, the company submitted invoices to various employers for the work of the fraudulently obtained H-1B visa recipients, paid the beneficiaries for work performed at a negotiated rate, and also took a portion of the monies paid by those employers as profits totaling $493,516.28.

### Breach of Plea Agreement

13.   If Defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and Defendant's plea and sentence will stand.   If at any time Defendant retains, conceals, or disposes of assets in violation of this plea agreement, or if Defendant knowingly

---

[1] The "cap" refers to a finite amount of annual H-1B visas available for foreign workers. A recipient of a valid visa can later transition to a new company as 'cap exempt' using the validity of their initial visa for new employment in the United States.

withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution.   Specifically, in this case, if the Defendant should attempt to avoid its financial obligations under this agreement, for example, by filing for bankruptcy before the payments are completed, the parties agree that doing so would be a breach of the Plea Agreement, and would give the Government the right to immediately seek relief from the court, including the reinstatement of prosecution and the Defendant and its agents waive all defenses based upon the statute of limitations and the Speedy Trial Act as to any charges that are part of the same course of criminal conduct described in the Information.   Further, any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against the defendant in any prosecution.

<strong>Restitution, Forfeiture, and Fines – Generally</strong>

14.   This Plea Agreement is being entered into by the United States on the basis of Defendant's express representation that it will make a full and complete disclosure of all assets over which it exercises direct or indirect control, or in which it has any financial interest. Defendant agrees not to dispose of any assets or take any action that would effect a transfer of property in which it has an interest, unless Defendant obtains the prior written permission of the United States.

15.   Defendant agrees to make complete financial disclosure by truthfully executing a sworn financial statement (Form OBD-500C or similar form) within 14 days of signing this plea agreement.   Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms permitting the

United States to obtain tax information, bank account records, credit histories, and social security information.   Defendant agrees to discuss and answer any questions by the United States relating to Defendant's complete financial disclosure.

16.   Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines, including, but not limited to, surrendering title, executing a warranty deed, signing a consent decree, stipulating to facts regarding the transfer of title and the basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.   Defendant also agrees to direct any banks which have custody of its assets to deliver all funds and records of such assets to the United States.

17.   Defendant understands that forfeiture, restitution, and fines are separate components of sentencing and are separate obligations.

### Restitution

18. No restitution has been identified in this case.

### Forfeiture

19.   Defendant stipulates and agrees that the property listed in the Information's Notice of Forfeiture is subject to forfeiture, and Defendant agrees to the forfeiture of that property.   In particular, but without limitation, Defendant stipulates that the following specific property is subject to forfeiture:

   a.      U.S. currency in the amount of $493,516.28 which constitutes gross proceeds traceable from the commission of the offense.

20.   Defendant stipulates and agrees that Defendant obtained $493,516.28 from the commission of the criminal offense and that the factual basis for Defendant's guilty plea supports the forfeiture of $493,516.28.   Defendant stipulates and admits that one or more of the conditions

10

set forth in Title 21, United States Code, section 853(p), exists. Defendant agrees to forfeit any of Defendant's property in substitution, up to a total forfeiture of $493,516.28. Defendant agrees to the imposition of a personal money judgment in that amount.

21.     Defendant agrees to pay $245,000.00 toward this money judgment at or near the time of sentencing, and to pay the balance pursuant to a schedule agreed by the parties over the duration of the Defendant's probationary term. The parties' recommendation for a payment schedule is provided in paragraph 7(f) of this Agreement. The United States agrees that, so long as Defendant makes timely payments pursuant to the payment schedule, it will not pursue substitute assets or other action for forfeiture to enforce and/or collect on Defendant's personal money judgment.

22.     Defendant agrees to waive any and all interest in any asset which is the subject of a related administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state.

23.     Defendant consents to the order of forfeiture becoming final as to Defendant immediately following this guilty plea, pursuant to Federal Rule of Criminal Procedure 32.2(b)(4)(A).

24.     Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge the forfeiture of property in any manner, including by direct appeal or in a collateral proceeding.

### Fines

25.     Defendant understands that under the Sentencing Guidelines the Court is permitted to order Defendant to pay a fine that is sufficient to reimburse the government for the costs of any imprisonment or term of supervised release, if any. Defendant agrees that any fine imposed by

11

the Court will be due and payable immediately, and Defendant will not attempt to avoid or delay payment.   Subject to the provisions of paragraph 4 above, Defendant waives the right to challenge the fine in any manner, including by direct appeal or in a collateral proceeding.

### Complete Agreement

26.    This written plea agreement, consisting of 15 pages, including the attached addendums of Defendant and its attorney, constitutes the complete plea agreement between the United States, Defendant, and Defendant's counsel.   No promises or representations have been made by the United States except as set forth in writing in this plea agreement.   Defendant acknowledges that no threats have been made against it and that it is pleading guilty freely and voluntarily because it is guilty.

27.    The undersigned corporate representative is authorized to enter this Plea Agreement on behalf of the defendant.

28.    Any modification of this plea agreement must be in writing and signed by all parties.

Filed at __Houston_____, Texas, on __May 28_____, 20<u>21</u>.

_____
Defendant

Subscribed and sworn to before me on __May 28_____, 20<u>21</u>.

NATHAN OCHSNER, Clerk
UNITED STATES DISTRICT CLERK

By:_____
Deputy United States District Clerk

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:21-CR-00191** |
| | § | |
| | § | |
| **CLOUDGEN, L.L.C.,** | § | |
| Defendant. | § | |

**PLEA AGREEMENT – ADDENDUM 1**
**CERTIFICATION COUNSEL REVIEWED PLEA WITH CLIENT**

I have fully explained to Defendant, through its corporate representative, its rights with respect to the pending information. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant, through its corporate representative, the provisions of those Guidelines which may apply in this case.   I have also explained to Defendant, through its corporate representative, that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.   Further, I have carefully reviewed every part of this plea agreement with Defendant, through its corporate representative.   To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Brett Switzer, Esq.
Counsel for **Cloudgen, L.L.C.**
CA BAR
# 554141

5-26-2021
_____
Date

14

APPROVED:

    JENNIFER B. LOWERY
    ACTING UNITED STATES ATTORNEY

By:    */s/ Richard W. Bennett*
    Richard W. Bennett
    Assistant United States Attorney
    Southern District of Texas
    Telephone: 713-567-9000
    Facsimile: 713-718-3303

Jomon Chakkalakkal
Corporate Representative
**Cloudgen, L.L.C.**

Brett Switzer, Esq.
Counsel for **Cloudgen, L.L.C.**  GA BAR #554141
Baker Donelson
Telephone: 404-443-6711

Robert Divine, Esq.
Counsel for **Cloudgen, L.L.C.**
Baker Donelson
Telephone: 404-443-6711

Michael Clark, Esq.
Counsel for **Cloudgen, L.L.C.**
Baker Donelson
Telephone: 713-286-7169

13

APPROVED:

      JENNIFER B. LOWERY
      ACTING UNITED STATES ATTORNEY

By:    */s/ Richard W. Bennett*
      Richard W. Bennett
      Assistant United States Attorney
      Southern District of Texas
      Telephone: 713-567-9000
      Facsimile: 713-718-3303

_____
Jomon Chakkalakkal
Corporate Representative
**Cloudgen, L.L.C.**

_____
Brett Switzer, Esq.
Counsel for **Cloudgen, L.L.C.**
Baker Donelson
Telephone: 404-443-6711

_____
Robert Divine, Esq.
Counsel for **Cloudgen, L.L.C.**
Baker Donelson
Telephone: 404-443-6711

_____
Michael Clark, Esq.
Counsel for **Cloudgen, L.L.C.**
Baker Donelson
Telephone: 713-286-7169

APPROVED:

JENNIFER B. LOWERY
ACTING UNITED STATES ATTORNEY


By: */s/ Richard W. Bennett*
   Richard W. Bennett      _____
   Assistant United States Attorney  Jomon Chakkalakkal
   Southern District of Texas    Corporate Representative
   Telephone: 713-567-9000    **Cloudgen, L.L.C.**
   Facsimile: 713-718-3303


              _____
              Brett Switzer, Esq.
              Counsel for **Cloudgen, L.L.C.**
              Baker Donelson
              Telephone: 404-443-6711


              _____
              Robert Divine, Esq.
              Counsel for **Cloudgen, L.L.C.**
              Baker Donelson
              Telephone: 404-443-6711


              _____
              Michael Clark, Esq.
              Counsel for **Cloudgen, L.L.C.**
              Baker Donelson
              Telephone: 713-286-7169

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:21-CR-00191** |
| | § | |
| | § | |
| **CLOUDGEN, L.L.C.,** | § | |
| **Defendant.** | § | |

## PLEA AGREEMENT – ADDENDUM 2
## STATEMENT OF CORPORATE REPRESENTATIVE

As corporate representative, and authorized to act on behalf of Defendant **Cloudgen**, I have consulted with **Cloudgen's** attorney and fully understand all the rights with respect to the information pending against **Cloudgen**. **Cloudgen's** attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this plea agreement with **Cloudgen's** attorney. I understand this agreement and I voluntarily agree to its terms on behalf of Defendant **Cloudgen**.

_____          4/29/2021
Jomon Chakkalakkal                                      Date
Corporate Representative for
Defendant **Cloudgen, L.L.C.**

15